**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| TRANSBOTICS, *a division of SCOTT SYSTEMS INTERNATION, INC.*, : : : Plaintiff, : : v. : INFINITY ROBOTICS, LLC, : : Defendant. : : | CASE NO.: 1:24-CV-71 (LAG) |

## **ORDER**

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 31) and Motion for Default Judgment (Doc. 37).

Plaintiff filed suit on May 21, 2024. (Doc. 1). On October 2, 2024, the Court granted Defendant Infinity's Counsel, Geoffrey M. Dureska and Michael C. Whitticar's Motion to Withdraw. (Docs. 26, 27). The Court ordered Defendant Infinity to notify the Court of the name, address, and telephone number of its new counsel no later than thirty (30) days of the date of the Order. (Doc. 27 at 1). The Court further ordered new counsel to file a notice of appearance within the same time period. (*Id.*). Defendant Infinity did not comply, and a new attorney never entered an appearance. (*See* Docket). Plaintiff filed the Motion for Summary Judgment as to Defendant Infinity on November 22, 2024. (Doc. 31). Defendant Infinity never responded. (*See* Docket).

Because it is well-established that a corporation may not appear *pro se*, the Court set a status conference to determine Defendant Infinity's status. (Doc. 34); *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also Alper Auto., Inc., v. Day to Day Imports, Inc.*, No. 22-12864-HH, 2023 WL 5498742 (11th Cir. May 1, 2023). Defendant did not appear. (Doc. 35). At the May 15, 2025 Status Conference, the Court ordered Plaintiff to file a status update by May 23, 2025. (*Id.*). On May 19, 2025, Plaintiff

filed a Status Report. (Doc. 36). Therein, Plaintiff represents that "[u]pon information and belie[f]" Defendant Infinity "is no longer operating[.]" (*Id.* ¶ 3). Plaintiff further represents that even if Defendant Infinity is "no longer operation and/or defunct," Plaintiff still intends to pursue judgment on its claims. (*Id.* ¶ 5). On May 28, 2025, Plaintiff filed a Motion for Default Judgment as to Defendant Infinity. (Doc. 37). Therein, Plaintiff states that "[t]o the extent the Court grants this Motion as requested by Plaintiff, all remaining claims will be resolved [and a]s no further relief from the Court will be sought, Plaintiff's Motion for Summary Judgment can be deemed withdrawn." (Doc. 37-1 at 2 n.1).

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default is a prerequisite to obtaining a default judgement. *See* Fed. R. Civ. P. 55. While Plaintiff did not seek an entry of default before filing the subject Motion for Default Judgment, Defendant's failure to comply with the Court's Order to notify the Court of new counsel or appear at the status conference is sufficient to establish a failure to defend. (*See* Docket); *see Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 952 (11th Cir. 1996) ("[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." (citation omitted)). Accordingly, the Clerk of Court is hereby **DIRECTED** to enter Default against Defendant Infinity in the amount of **$889,302.41**.

**SO ORDERED**, this 18th day of July, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**